ACCEPTED
03-16-00018-CV
13934512
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 2:49:16 PM
JEFFREY D. KYLE
CLERK

NO. 03-16-00018-CV

# In the Court of Appeals for the Third Judicial District, Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 2:49:16 PM
JEFFREY D. KYLE
Clerk

MARK WALTERS,
*Appellant,*

v.

BRAD LIVINGSTON,
in his Official Capacity as Executive Director of the
Texas Department of Criminal Justice,
*Appellee.*

On Appeal from Cause No. D-1-GN-12-003493
126th District Court, Travis County, Texas

## APPELLANT'S UNOPPOSED MOTION FOR LEAVE TO FILE POST-SUBMISSION LETTER BRIEF

Andrew P. LeGrand
  State Bar No. 24070132
Carolyn S. Small*
  California Bar No. 304938
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Telephone:  214.698.3100
Facsimile:   214.571.2900
*Admitted pro hac vice*

COUNSEL FOR APPELLANT MARK WALTERS.

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Pursuant to Texas Rules of Appellate Procedure 10.1 and 38.7, the Appellant, MARK WALTERS, respectfully requests that the Court grant him leave to file the post-submission letter brief attached hereto as Exhibit A. In support of this unopposed motion, Appellant alleges the following:

1.     This case was submitted after the Court heard oral argument on November 16, 2016.

2.     The post-submission letter brief will aid the Court in reaching its decision because it clarifies Appellant's position on two new issues raised at oral argument.

3.     The proposed brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. The document contains 365 words, excluding any parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1), and complies with Rule 9.4(i)(2)(B) regarding the aggregate length of all briefs filed by a party in a civil case in a court of appeals.

4.     Appellee Brad Livingston does not oppose Appellant's request for a 30-day extension.

5.     All facts recited in this motion are within the personal knowledge of the counsel signing this motion; therefore, no verification is necessary under Texas Rule of Appellate Procedure 10.2.

## **PRAYER FOR RELIEF**

For the reasons set forth above, Appellant requests that this Court grant Appellant's Unopposed Motion For Leave to File Post-Submission Letter Brief. Appellant requests all other relief to which he may be entitled.

DATE:  November 22, 2016

Respectfully submitted,

By:     /s/ Andrew P. LeGrand
        Andrew P. LeGrand, SBN 24070132
        Carolyn S. Small*
        California State Bar No. 304938
        GIBSON, DUNN & CRUTCHER LLP
        2100 McKinney Avenue, Suite 1100
        Dallas, Texas 75201-6912
        Telephone:  214.698.3100
        Facsimile:  214.571.2900
        ALeGrand@gibsondunn.com
        CSmall@gibsondunn.com
        *Admitted pro hac vice

Counsel for Appellant Mark Walters

2

## **CERTIFICATE OF CONFERENCE**

Pursuant to Texas Rule of Appellate Procedure 10.1(5), I certify that the undersigned conferred with opposing counsel who indicated that his client does not oppose this motion.


        /s/ Andrew P. LeGrand
Andrew P. LeGrand

# CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I caused a copy of the foregoing Appellant's Motion to be served via electronic mail upon on all other parties which are listed below on November 22, 2016 as follows:

Leah O'Leary, Asst. Attorney General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711
Telephone: 512.463.2080
Email: Leah.OLeary@oag.texas.gov

*Attorney for Appellee*
*Brad Livingston*

/s/ Andrew P. LeGrand
Andrew P. LeGrand

# EXHIBIT A

# In the Court of Appeals for the Third Judicial District, Austin, Texas

---

MARK WALTERS,
*Appellant,*

v.

BRAD LIVINGSTON,
in his Official Capacity as Executive Director of the
Texas Department of Criminal Justice,
*Appellee.*

---

On Appeal from Cause No. D-1-GN-12-003493
126th District Court, Travis County, Texas

---

**APPELLANT'S POST-SUBMISSION LETTER BRIEF**

---

Andrew P. LeGrand
  State Bar No. 24070132
Carolyn S. Small*
  California Bar No. 304938
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Telephone:  214.698.3100
Facsimile:   214.571.2900
*Admitted pro hac vice*

COUNSEL FOR APPELLANT MARK WALTERS.

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Appellant Mark Walters respectfully submits the following supplemental brief in the above-captioned appeal to clarify two points raised during oral argument.

First, the State argued the 60-day notice period in section 110.006(a) cannot be reconciled with section 110.006(f), which applies when notice is provided through the inmate grievance system. There is, however, no inconsistency. The Texas Religious Freedom Restoration Act ("TRFRA") provides two different notice periods: one for inmates, and one for non-inmates. Non-inmates must wait 60 days before filing suit under section 110.006(a), whereas inmates must wait until the grievance process is completed, which can take up to 180 days. That is why the Legislature did not expressly say in section 110.006(e) that the government must cure the substantial burden within 60 days of receiving notice. Doing so would have created confusion about the proper application of TRFRA's already clear text: To preclude a lawsuit under section 110.006(e), the government must cure *before* an injured person—inmate or non-inmate—"bring[s] an action." *See* Black's Law Dictionary 231 (10th ed. 2014) (defining "bring an action" as to "institute legal proceedings"). That is the rule Appellant is asking this Court to adopt.

Second, the Court asked both parties whether Mr. Walters's lawsuit is moot because the burden has been cured. As the State admitted, however, this case

1

contains a claim for compensatory damages under § 110.005(a)(3). The State's decision to cure after Mr. Walters filed this lawsuit may impact the amount of damages, but it does not deprive Mr. Walters of standing or render the case moot. As we explained at oral argument, a claim for compensatory damages under TRFRA is no different than any other claim for such damages: A plaintiff may recover for pecuniary and non-pecuniary losses incurred as a result of the defendant's past harmful behavior, even if it has since ceased. *See, e.g.,* *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W. 3d 438, 442-45 (Tex. 2004) (awarding $500,000 in compensatory damages on plaintiff's sexual harassment claim even though the harassing conduct had ceased at the time she filed suit); *see also Daimler Chrysler Corp. v. Inman*, 252 S.W. 3d 299, 304-05 (Tex. 2008) (recognizing standing exists when the plaintiff has been injured in fact by the defendant's conduct).

DATE: November 22, 2016

Respectfully submitted,

By: \_\_\_/s/ Andrew P. LeGrand_____
Andrew P. LeGrand, SBN 24070132
Carolyn S. Small*
California State Bar No. 304938
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912

2

Telephone: 214.698.3100
Facsimile:  214.571.2900
ALeGrand@gibsondunn.com
CSmall@gibsondunn.com
*Admitted pro hac vice*

Counsel for Appellant Mark Walters

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I caused a copy of the foregoing Appellant's Motion to be served via electronic mail upon on all other parties which are listed below on November 22, 2016 as follows:

Leah O'Leary, Asst. Attorney General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711
Telephone: 512.463.2080
Email: Leah.OLeary@oag.texas.gov

*Attorney for Appellee*
*Brad Livingston*

/s/ Andrew P. LeGrand
Andrew P. LeGrand